

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 28, 1969

Honorable C. W. Karisch
County Attorney
Waller County
Hempstead, Texas

Opinion No. M- 379

Re: May Waller County Hospital
legally pay a charge for
an autopsy performed in
the hospital upon the body
of an expired patient?

Dear Mr. Karisch:

By recent letter you have requested an opinion concerning the above stated matter. We quote, in part, from your letter as follows:

"The Waller County Hospital was organized, and operates, under Articles 4478-4494, R.C.S. A patient of the Hospital who was being cared for by (a doctor) who is a member of the staff of visiting physicians of said Hospital, died. There was no question of foul play and no occasion for an inquest. (The doctor) determined that an autopsy was needed and one was performed at the request of (the doctor) and the Superintendent of the Hospital. The physician performing the autopsy has billed the Hospital for his services and such bill has been approved by the Superintendent of the Hospital, and photocopies of such bill and approval by the Superintendent are attached hereto. The patient was in the Hospital under the Medicare Program, and before authorizing or ordering an autopsy, officials of the Hospital ascertained from some supposed official with the Medicare Program that autopsies in cases such as this was a proper Medicare expense. However, the autopsy expense has not been charged to the patient's account and has not been charged to any other account.

"I assume that the bill is reasonable, at least no question in that regard has been raised. No reason for the autopsy has been advanced other than to determine

- 1873 -

the cause of death. As I view the matter, it becomes a question of whether or not the expense of this autopsy was a reasonable and incidental expense to operating the Hospital which the Hospital had the implied authority to authorize, or whether the expense should have been the expense of the patient's estate." (Parenthesis ours.)

At the outset we are met with the consideration of the effect of the hospital superintendent's request and obvious approval for the autopsy in question upon the hospital's responsibility to pay for the costs of the autopsy.

Article 4485, Vernon's Civil Statutes, details the authority and duties of the hospital superintendent. We quote, in part, from this Article.

"The Superintendent shall be the chief executive officer of the hospital ... subject to ... the powers of the board of managers.

"He shall ... equip the hospital with ... all ... needed facilities for the care and treatment of patients, ...

"...

"He shall cause a careful examination to be made of the physical condition of all persons admitted to the hospital and provide for the treatment of each patient according to his need; ..." (Emphasis added.)

In addition to the above quoted language, Articles 4486 and 4487, Vernon's Civil Statutes, provide in detail the authority of the superintendent on the procedure for admission, and support of individuals admitted as patients. Both of those Articles and the above quoted Article (4485) limit the superintendent's authority to provide for "the care and treatment" of the patients, subject to the rules and regulation of the board of managers. None of the statutes involved specifically authorize a superintendent to request or approve an autopsy.

So the question then is whether the "care and treatment" of patients also encompasses autopsies of deceased patients. In our opinion "care and treatment" does not include an autopsy of a deceased patient. Great American Indemnity Co. v. Dabney, 128 S.W.2d 496 (Tex. Civ. App. 1939, error dism., judgm. cor.). Consequently, the superintendent has no authority to request or approve an autopsy, and in the present case, the request and approval would have no effect upon the question of whether the hospital may legally pay the expense in question.

In Attorney General's Opinion V-1285 (1951), this office ruled that charges against the county hospital are subject to the control of the Commissioners Court. We quote from that opinion as follows:

"It will be noted from the foregoing stat-utes that authority is vested in the board of managers and the superintendent of a county hospital to incur necessary expenditures for the operation and maintenance of the hospital in a sum 'not exceeding the amount provided for such purposes in the commissioners court'. By the express terms of Article 4484, the board of managers must transmit all bills and accounts, including salaries and wages, to the commissioners court for payment 'in the same manner as other charges against the county are paid'. Article 2351, V.C.S., provides that the commissioners court shall 'audit and settle all accounts against the county and direct their payment'. In view of these provisions, the county treasurer may not issue warrants in payment of bills and accounts of the hospital until the commissioners court has approved them for payment in the same manner as other charges against the county are paid. Although the management of the county hospital is vested in the board of managers, the Commissioners court must approve all accounts. See Att'y. Gen. Op. O-6433 (1945)."

Your second question is whether the Commissioners Court is authorized to pay this autopsy expense.

Article 4478a, Vernon's Civil Statutes, provides the enabling legislation for the creation of a county hospital. This Article is quoted, in part, as follows:

> "The Commissioners Court of any county shall have power to establish a county hospital ... for the <u>care and treatment</u> of persons suffering from any illness, disease or injury ..." (Emphasis added.)

In the above quoted provision, we find the same limitation of authority of the Commissioners Court, relative to patient care and treatment, as is found relative to the authority of the hospital superintendent, i.e., "<u>care and treatment</u>". Therefore, it is our opinion that the county cannot pay for an autopsy of a hospital patient dying of natural causes, under the facts set out in your opinion request. <u>Great American Indemnity Co. v. Dabney</u>, supra.

This opinion is limited to the facts submitted, and where a person dies from uncertain causes, the Legislature has made provision in Articles 49.01, et seq., Vernon's Code of Criminal Procedure, for autopsies to be performed at county expense.

### S U M M A R Y

A Commissioners Court operating a county hospital, pursuant to the provisions of Articles 4478, et seq., V.C.S., may not legally pay a charge for an autopsy unless ordered by the proper authorities pursuant to the provisions of Article 49.01, et seq., V.C.C.P.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General of Texas

Hon. C. W. Karisch, page 5 (M-379)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman

Larry Craddock
Jerry Roberts
Bill Craig
Bob Crouch

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant